UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80162-AMC-1

UNITED STATES OF AMERICA,

v.

JOSEPH ADDISON MARTIN,

              Defendant.
_____/

**DEFENDANT JOSEPH ADDISON MARTIN'S SENTENCING MEMORANDUM REQUESTING DOWNWARD DEPARTURE OR VARIANCE**

    Defendant, JOSEPH ADDISON MARTIN, by and through his undersigned counsel, files this sentencing memorandum and requests the Court to grant a downward departure or variance from the advisory guideline sentence, as calculated in the Presentence Investigation Report (P.S.R.). Defendant offers as follows:

    I.    <u>Guidelines Calculations</u>

The Defendant agrees that the P.S.R. sets forth a correct sentencing guidelines calculation resulting in a total offence level of level 43 [P.S.R. paragraph 132], absent any variance or downward departure.

    II.    <u>Grounds for Downward Departure</u>

The Defendant requests the Court to grant a downward departure from the advisory guideline sentence which calls for a sentence of life imprisonment. The Defendant has been examined by Dr. Heather Holmes, the appointed defense psychologist. Dr. Holmes has diagnosed the Defendant to suffer from anxiety and depression, trauma, pedophilia, and addiction (sexual). These conditions

developed and were continually imbedded in the Defendant's personality due to circumstances of his upbringing from as early as three years of age.

Defendant's father was an alcoholic and gambling addict who was continually degrading towards the Defendant. Both parents were extreme hoarders. Defendant's mother would not wear clothing in the home and would walk through the home completely nude. Because of the hoarding and mother's nudity, the Defendant could not have anyone visit him at home. Defendant was traumatized by his upbringing. He suffers from acute depression, anxiety, and feelings of inferiority. Defendant was only comfortable relating to children. Defendant developed an addiction to child pornography and the mental illness of pedophilia. These facts and how Defendant's conditions developed will be the subject of Dr. Holmes testimony.

Section 5H1.3 of the United States Sentencing Guidelines provides as follows:

> §5H1.3.   Mental and Emotional Conditions (Policy Statement)
> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).
> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. See §5C1.1, Application Note 7.
> Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release; e.g., participation in a mental health program (see §§5B1.3(d)(5) and 5D1.3(d)(5)).
> Historical Note: Effective November 1, 1987. Amended effective November 1, 1991 (amendment 386); November 1, 1997 (amendment 569); November 1, 2004 (amendment 674); November 1, 2010 (amendment 739); November 1, 2018 (amendment 811).

Section 5K2.0(b) sets forth when a below guidelines range sentence may be imposed in child crimes and sexual offense cases as follows:

> (b)    DOWNWARD DEPARTURES IN CHILD CRIMES AND SEXUAL OFFENSES.—Under 18 U.S.C. §3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that—
> (1) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;
> (2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and
> (3) should result in a sentence different from that described.
> The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements.  Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

The existence of a mental illness or emotional condition is recognized by the guidelines as a valid basis for a departure U.S.S.G. Section 5H1.3. A departure based upon the Defendant's mental condition is a valid basis for departure, as made clear in Application Note 4(b)(i) and (ii) to Section 5K2.0.

### III.    Statutory Factors

The Court is required to consider the statutory factors contained in 18 U.S.C. 3553(a) when imposing a sentence. The Defendant has zero criminal history points and now faces life imprisonment for his conduct which emanate

3

from mental illness and emotional issues he has exhibited since very early in his childhood. This is history and a characteristic of the Defendant that should be considered.

The charged offenses are very serious, and the Court must consider protection of the public and the need for rehabilitation. The Defendant accepts that he will receive a lengthy sentence and sincerely desires to be rehabilitated. He is ashamed of his charged conduct and deeply desires to become a better person.

Statistics show that 27.6% of sex crime offenders were rearrested within 3 years of release. Only 4.3% were rearrested for a sex offense. United States Sentencing of Child Pornography: Non-Production Offenses https://www.ussc.gov/research-reports/federal-sentencing-child-pornograhpy-non-production-offenses. (June 29, 2021). This indicates that the program developed by the Bureau of Prisons to treat child sex offenders is effective in the vast majority of cases.

The types of sentences available are set out clearly and correctly in the P.S.R. The Bureau of Prisons has a well-established sexual offender program which the Defendant desires to fully participate in. He is highly motivated to rehabilitate himself.

**Kinds of sentences available.**

The Presentence Investigation Report lays out the court's options.

**Sentencing Guidelines.**

The court is required to consult and consider the Federal Sentencing Guidelines and to properly calculate those Guidelines when imposing sentence. United States v. Crawford, 407 F.3d 1174 (11th Cir. 2005). However, the court is not required to impose a sentence within the Sentencing Guidelines. Mandatory application of the Sentencing Guidelines is unconstitutional. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). And some courts have found that straight application of this guideline results in a substantively unreasonable sentence.

**Pertinent Policy Statements issued by the Sentencing Commission.**

The Sentencing Commission issues Policy Statements from time to time indicating policy concerns the court should consider when imposing sentence. There are no specific Policy Statements the Defendant is aware of that pertain particularly to this case. However, members of the Sentencing Commission have issued statements rejecting the soundness of this guideline.

IV.   Conclusion

A sentence within the guidelines range in this case would result in a substantively unreasonable sentence. Joseph Martin is a first-time offender whose actions are directly attributable to an emotional and mental illness. He is capable of and wants treatment for both. A sentence that is lengthy, but below the guidelines range, would still achieve the purpose of imposing a sentence that is sufficient but not greater than necessary to achieve the goals set forth in 18 U.S.C. §3553(a).

Joseph Addison Martin is 33 years old and has no prior criminal history. He is ashamed of the obsession he developed for child pornography and is self-aware that this is a dangerous sexual perversion. He has a great desire to be treated while in prison and overcome his condition. He does not want to be a person who is harmful to society.

It is requested that the Court sentence the Defendant to a term less than life. He hopes to emerge from incarceration, even if it is after a lengthy sentence, as a better person. He is very amenable to treatment and supervision upon release from incarceration.

WHEREFORE, Defendant, JOSEPH ADDISON MARTIN, files this Sentencing Memorandum requesting a downward departure or variance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via the CM/ECF filing portal to all parties of record on this 26th of March 2024.

Respectfully Submitted,

Martin L. Roth, Esq.
1700 East Las Olas Blvd. Suite 307
Fort Lauderdale, Florida 33301
Telephone: (954) 745-7697
Email: mlrpa@msn.com

*/s/ Martin L. Roth*
Martin L. Roth, Esquire
Florida Bar No.: 265004